**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 99-51000**
**Summary Calendar**

---

**GUILLERMO SALDAÑA, Individually; MARIA SALDAÑA,**
**Individually; LAURA LUNA, Parent and Next Friend**
**of Laurelle Vanity Luna, A Minor,**

**Plaintiffs-Appellants,**

**versus**

**UNITED STATES OF AMERICA; MOISES J. OLIVARES,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-98-CV-507-EP)**

---

January 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This action arises out of William Saldaña's being shot and killed by Border Patrol Agent Olivares. It was filed against Agent Olivares pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and against the Government under the Federal Tort Claims Act (FTCA). Asserting qualified immunity, Agent Olivares moved for summary judgment; the Government moved for summary judgment on the ground that Agent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Agent Olivares' actions were privileged under section 9.51(c) of the TEXAS PENAL CODE. Both motions were granted.

Concerning Agent Olivares, Appellants fail to identify any error in the district court's qualified immunity analysis. Therefore, they have abandoned the issue. *See e.g.,* ***Elvis Presley Enters., Inc. v. Capece***, 141 F.3d 188, 193 n.2 (5th Cir. 1998) (issues *not* raised on appeal are abandoned).

Appellants contend the district court erred in permitting the Government to invoke the privilege under section 9.51(c), which governs the use of deadly force by a law enforcement officer. *See* TEX. PENAL CODE ANN. § 9.51(c) (Vernon 1994). Because Appellants assert, for the first time on appeal, that the section is a defense *solely* to criminal liability, our review is limited to plain error. *E.g.,* ***Robertson v. Plano City of Tex.***, 70 F.3d 21, 23 (5th Cir. 1995).

Principles of Texas tort law govern this question. ***Crider v. United States***, 885 F.2d 294, 296 (5th Cir. 1989), *cert. denied*, 495 U.S. 956 (1990). Under Texas law, the Government was entitled to claim section 9.51 as a defense to civil liability under the FTCA. *See* ***Fraire v. City of Arlington***, 957 F.2d 1268, 1276-77 (5th Cir.) (police officer *not* liable for excessive force because section 9.51 requirements met), *cert. denied*, 506 U.S. 973 (1992); ***Hinojosa v. City of Terrell, Tex.***, 834 F.2d 1223, 1231 (5th Cir. 1988) (conduct *not* tortious if actor privileged to engage in it), *cert. denied*, 493 U.S. 822 (1989).

Next, Appellants claim the district court abused its discretion in denying their Rule 56(f) motion for a continuance to conduct additional discovery. *See* FED. R. CIV. P. 56(f). Appellants' motion did *not* state with specificity how additional discovery would create a material fact issue. Thus, the district court did *not* abuse its discretion. *E.g.,* **Krim v. BancTexas Group, Inc.**, 989 F.2d 1435, 1442 (5th Cir. 1993).

Finally, Appellants maintain the district court erred in granting the Government's judgment motion. We review the summary judgment *de novo*. *E.g., **Tolson v. Avondale Indus., Inc.***, 141 F.3d 604, 608 (5th Cir. 1998). Based upon our review of the record, the district court did *not* err in granting it to the Government, because there was *no* material fact issue concerning Agent Olivares' conduct satisfying the requisite elements under section 9.51(c) for the use of deadly force. *See* FED. R. CIV. P. 56(c).

**AFFIRMED**

3